UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOAN,<br><br>Plaintiff,<br><br>v.<br><br>IMAGE ORTHODONTICS, and<br>CALIFORNIA DEPARTMENT OF<br>HEALTH CARE SERVICES,<br><br>Defendants. | No. 2:17-cv-2284-MCE-EFB PS<br><br><br>ORDER |

Plaintiff seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His application makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

1 fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
2 *Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
3 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
4 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
5 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
6 relief above the speculative level on the assumption that all of the complaint's allegations are
7 true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of
8 cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal
9 theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

The complaint alleges that plaintiff and his minor son previously lived in San Joaquin County. *Id*. at 3. While living there, plaintiff's son began receiving orthodontic care from defendant Image Orthodontics, which included braces to straighten his teeth. The fees for the services provided by Image Orthodontics were paid by Medi-Cal under a fee-for service ("FFS") program. However, plaintiff and his son subsequently moved to Sacramento County, which required them to receive Medi-Cal coverage though a managed care organization ("MCO"). Medi-Cal allegedly assigned plaintiff's son to Liberty Dental Insurance for his dental insurance. Because Image Orthodontics was not a member of Liberty Dental Insurance's network, Image Orthodontics refused to provide plaintiff's son further treatment due to potential problems in obtaining reimbursement for services from Liberty Dental Insurance. *Id*.

/////

Plaintiff claims he subsequently filed a grievance with the California Department of Health Care Services, requesting permission to re-enroll his son in a FFS program. The Department of Health Care Services ("DHCS") denied that request because Liberty Dental Insurance had other orthodontics care providers in its network. *Id*. Plaintiff claims, however, that his son has sought orthodontic services from three providers that accept Liberty Dental Insurance, but all providers refused to treat his son because the orthodontic hardware installed by Image Orthodontics does not comply with current industry standards. *Id*. at 4. The providers have insisted that installed hardware must be removed and plaintiff's son must start his treatment "from scratch." *Id*. Plaintiff claims, however, that Liberty Dental Insurance refuses to pay for any procedure requiring the removal of plaintiff's son's braces. *Id*. Plaintiff contends that DHCS's refusal to allow his son to re-enroll in a FFS program violates 42 C.F.R. §§ 438.62, 438.100, and the Health Insurance Portability and Accountability Act ("HIPPA").

As a threshold matter, plaintiff William Doan appears to only allege claims on behalf of his minor child. *See* ECF No. 1 at 2-3. There is no indication from the record that Mr. Doan is an attorney. Unless he is an attorney he may not represent his son and may not sign pleadings on his son's behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing himself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, Mr. Doan may not bring claims on behalf of his son. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

Additionally, the complaint fails to state a cognizable claim under the cited regulations. Mr. Doan first contends that defendants violated 42 C.F.R. §§ 438.62(b)(1)(ii), 438.62(b)(1)(v)

/////

/////

3

and 438.100.[2] ECF No. 1 at 5. These regulations implement 42 U.S.C. § 1396a(a)(23) of the Medicaid Act, which requires states participating in the Medicaid program to "allow Medicaid [enrollees] to obtain care from any provider who is 'qualified to perform the service or services required' and 'who undertakes to provide such services.'" *Planned Parenthood Arizona, Inc. v. Betlach*, 727 F.3d 960, 963 (quoting 42 U.S.C. § 1396a(a)(23). That provision, commonly referred to as the free-choice-of-provider requirement, creates a private right of action enforceable under 42 U.S.C. § 1983. *Id*. at 965-68.

To state a claim under § 1983, a plaintiff must allege (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)); *see also Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (a private party may be considered to have acted under color of state law when the party "is a willful participant in joint action with the State or its agents.").

Additionally, a municipal entity or its departments (such as a county or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy*

---

[2] 42 C.F.R. § 438.62(b) requires states participating in the Medicaid program to have in effect a transition care policy to ensure continued access during a transition from a FFS to a MCO. The transition plan must grant an enrollee, among other things, "access to services consistent with the access [he] previously had," and the ability to retain his "current provider for a period of time if that provider is not in the MCO." 42 C.F.R. § 42 C.F.R. § 438.62(b)(b)(1)(ii), (v). 42 C.F.R. § 438.100(c)(ii) requires participating states to ensure that recipients may freely exercise their rights, and that exercising those rights do not adversely affect the way an enrollee is treated.

4

*City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

Here, the complaint fails to sufficiently allege that defendant Image Orthodontics is a state actor. Although plaintiff alleges that Image Orthodontics provided services covered by Medi-Cal, that fact alone does not demonstrate that it was acting under color of state law. *See Martin v. Patel*, 2018 WL 2717848, at * 10 (S.D. Cal. June 6, 2018) (holding that medical providers were not state actors because they "were not under any affirmative obligation to provide services—they received reimbursement for medical care" under Medi-Cal); *see also Quinones v. UnitedHealth Grp., Inc.*, 2015 WL 4523499, at *5 (D. Haw. July 24, 2015) ("If contracting, funding, and regulating was sufficient to create state action, nearly every government contract would produce the possibility of § 1983 liability against the government contractor."). The complaint is also devoid of any allegations suggesting that defendant the California Department of Health Care Services violated plaintiff's rights under 42 U.S.C. § 1396a(a)(23) pursuant to a policy or custom. Accordingly, plaintiff fails to allege a § 1983 claim for violation of 42 U.S.C. § 1396a(a)(23).

The complaint also alleges that defendants violated HIPPA by failing to provide complete medical records as required by 45 C.F.R.§ 164.501. ECF No. 1 at 5. HIPPA, however, does not provide a private right of action. *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009). Accordingly, the complaint fails to state a federal claim upon which relief may be granted.

Lastly, the complaint makes several references to the California Code of Civil Procedure and the California Family Code. *See generally* ECF No. 1. To the extent Mr. Doan intended to assert state law claims, he has fails establish the court's jurisdiction over such claims. The complaint demonstrates that diversity jurisdiction is absent since Mr. Doan and defendant California Department of Health Care Services are both citizens of California. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.). The complaint also fails to properly plead a federal cause of action, which precludes supplemental jurisdiction over a state law claim.

*See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . .").

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Further, any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). The amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 27, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE